IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| PAUL W. DIZINNO, | * | |
|     Debtor | * | Case No. 1:14-bk-05291-MDF |
| | * | |
| MARK STEVEN TOMEY, SR., | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No: 1:15-ap-00012-MDF |
| | * | |
| PAUL W. DIZINNO, | * | |
|     Defendant | * | |
| | * | |

## OPINION

On June 24, 2015 Mark Steven Tomey ("Tomey"), an unrepresented, unsecured creditor, filed an Amended Complaint in the above-captioned adversary case after his original complaint was dismissed with leave to amend. The Amended Complaint, based on the failure of Paul Dizinno ("Debtor") to repay a series of loans from Tomey totaling $4400, requests the Court either to deny Debtor's discharge under 11 U.S.C. § 727(a)(3), (4), or (5) or to except the debt from discharge under 11 U.S.C. § 523(a)(2).

On June 30, 2015, Debtor moved to dismiss the Amended Complaint for failure to state a claim upon which relief could be granted under Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 7012. For the reasons that follow, the Motion to Dismiss will be granted.

### I. Procedural History

The Procedural History set forth in the Court's June 11, 2015 Opinion is incorporated as if fully set forth herein. Briefs have been filed on the Motion to Dismiss the Amended

Complaint. The matter is ready for disposition.[1]

## II. Factual Allegations

In summary, Tomey's Amended Complaint alleges the following relevant facts that the Court will accept as true for purposes of the Motion to Dismiss:

In or around the early months of 2011, Debtor obtained several unsecured loans from Tomey. The total amount of all loans was $4400. Tomey extended the largest loan, in the amount of $3000, to help Debtor pay his property taxes.

To persuade Tomey to extend the loans, Debtor stated that he would work to correct his financial situation. Debtor stated that he would escrow his property taxes with his mortgage holder and "do whatever it took to get caught up with his debts and then pay back" the loans. (Amended Complaint, p. 2, ¶ 3). Debtor promised to "endeavor to pay back the $4400 in full within one year." (Amended Complaint, p.2, ¶ 3). Debtor also promised to look for supplemental work or a higher-paying job and to decrease his living expenses to facilitate repayment. Based on their lengthy friendship and Debtor's assurances, Tomey took Debtor at his word and made the loans.

Debtor did not obtain supplemental work or a higher-paying job after accepting the loans. He made personal expenditures that Tomey considered imprudent. He sold personal assets, such as a used Chevrolet pick-up truck, that may have been worth more than the sale price. In Tomey's view, Debtor did not adjust his lifestyle or decrease his living expenses in any significant way.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052.

Based on Debtor's statements about working to correct his financial situation, Tomey assumed that Debtor would obtain credit counseling. However, the only counseling he obtained was in preparation for filing his bankruptcy case.

Prior to extending the loans, Tomey had knowledge that Debtor possessed salable assets such as a number of motor vehicles with salvage value, as well as bicycles, stereo equipment, and appliances that Debtor repaired in his spare time. After he extended the loans to Debtor, Tomey became aware that Debtor was selling some of these assets. Tomey believes that Debtor might have sold some items, including a pickup truck cab and a truck "rear end," for less than their market value.

The Amended Complaint also alleges that Debtor owned "a large collection of records and some higher end stereo equipment" but failed to report them on his bankruptcy schedules. (Amended Complaint, pp. 9 -10, ¶2.b.) The Amended Complaint does not specifically identify any individual piece of stereo equipment nor does it estimate the value of the record collection. Other than the pickup truck and record collection, the Amended Complaint does not specifically identify any assets owned by Debtor pre-petition that were not accounted for in Debtor's schedules, or that were transferred pre-petition for less than their market value.

When Debtor informed Tomey that he intended to file a bankruptcy petition, Tomey reminded him about his promises to find supplemental employment, decrease his expenses, escrow his real estate taxes and "do whatever it took" to repay the loan. Debtor repudiated his promises and referred Tomey to his bankruptcy attorney.

According to the Amended Complaint, Debtor executed a document on June 7, 2011 acknowledging receipt of $4400 in loans from Tomey and promising to repay them. A copy of

3

this document is attached to the Amended Complaint. The writing makes no representations regarding Debtor's financial condition.

Debtor has never repaid or offered to repay the amounts borrowed.

At the meeting of creditors held in the bankruptcy case on December 17, 2014, Tomey questioned Debtor regarding his sale of some motor vehicles, bicycles, appliances and stereo equipment. Tomey also questioned Debtor about the veracity of the representations he make to Tomey in the course of obtaining the loans at issue. Tomey was not satisfied with Debtor's responses to his questions and believed that Debtor was being evasive or untruthful.

### III. Discussion

The Amended Complaint cites 11 U.S.C. § 523(a)(2)(A) as grounds for denial of the dischargeability of Debtor's debt to Tomey. In the alternative, it cites 11 U.S.C. § 727(a)(3),(4) and (5) of the Bankruptcy Code as grounds to deny Debtor's Chapter 7 discharge. Debtor's Motion seeks dismissal of the Amended Complaint under Fed. R. Bank. P. 7012, which incorporates the terms of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). Rule 12(b)(6) calls for dismissal of a complaint if it fails to state a claim on which relief can be granted.

*A. Application of Rule 12(b)(6) to the Amended Complaint*

The purpose of Rule 12(b)(6) is "to test the legal sufficiency of the complaint." *Kingman Park Civic Ass'n v. Williams,* 348 F.3d 1033, 1040 (D.C. Cir. 2003). When considering whether to dismiss a complaint as legally insufficient, a court must "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). The court is not required to find that the plaintiff is

4

likely to prevail at trial, but the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ( 2009).

Pleadings of *pro se* litigants are generally held to a less stringent standard than pleadings drafted by counsel. *Gibbs v. Roman,* 116 F.3d 83, 86 n.6 (3d Cir. 1997). "Although the standard used to evaluate a motion to dismiss in a *pro se* action is a liberal one, the court must still endeavor to separate 'pleadings that . . . are no more than conclusions' from 'well-pleaded factual allegations' that are entitled to a presumption of veracity." *Obotetukudo v. Clarion University of Pennsylvania*, Civil Action No. 13-0639, 2015 WL 1524460, *1 n.1 (W.D. Pa. April 2, 2015) (quoting *Ashcroft,* 556 U.S. at 679). For factual allegations to be considered "well-pleaded," the averments must "raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of the plaintiff's case. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.

"To survive a [Rule] 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . such that the defendant is given 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Howard v. Jackson (In re Jackson)*, Bankr. No. 13-08560-JMC-7, Adv. No. 13-50271, 2014 WL 4988265, *1 (Bankr. S.D. Ind.) (quoting *Ashcroft,* 556 U.S. at 677–78; *Twombly,* 550 U.S. at 555).

In his Motion to Dismiss, Debtor argues that the lengthy and frequently irrelevant averments of Tomey's Amended Complaint do not constitute fair notice of what the claim is and the grounds on which it rests. Debtor also asserts that he cannot respond to the Amended

5

Complaint in a coherent fashion because of the undue length of some of the numbered paragraphs (e.g. paragraph 9, which contains 28 sentences). These arguments are well-taken.

Clearly the Amended Complaint follows neither the letter nor the spirit of Rule 8(a)(2). It is neither short nor plain. It lacks factual averments to support its otherwise conclusory allegations. For instance, as discussed in detail below, it lacks sufficient allegations to make out a plausible case showing Debtor's intent to deceive and Tomey's reliance on Debtor's representations. Although a *pro se* plaintiff is entitled to some leeway with regard to the form and length of his pleadings' averments, in this case the Amended Complaint is too lengthy, its numbered paragraphs too convoluted, and its content too vague or conclusory to be found to have satisfied Rule 8(a)(2).

If paragraph numbering, sentence structure, extraneous matter and unsupported legal conclusions were the only problems with the Amended Complaint, it might be appropriate to allow Tomey one last "bite at the apple." However, as I will discuss below, it is also evident that Tomey has no substantive case for nondischargeability of his debt or to deny Debtor's discharge.

> *B. The Amended Complaint fails to state a viable claim for relief under §523(a)(2)*

The gist of the Amended Complaint as it relates to § 523(a)(2) is that Tomey's claim should be excepted from discharge in Debtor's bankruptcy because the claim is based on loans obtain by Debtor through intentional misrepresentations about his intent to repay. Tomey attempts to parlay these allegations into a case that satisfies the following language of the Bankruptcy Code:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt –
> . . .

6

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

As discussed in the Court's June 11, 2015 Opinion ("June 11 Opinion"), Tomey's allegations of fraud by Debtor must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) – "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Bankr.P. 7009. As in the original Complaint, the Amended Complaint's only specific allegations of misrepresentations by Debtor are that he promised to "do whatever it took to get caught up with his debts" and to "endeavor to pay back the $4400 in full within one year." As discussed in the June 11 Opinion, promising to repay a loan and then not repaying it does not, without more, constitute fraud. Many debtors incur debts with intent to repay them that could be considered unrealistic in hindsight. Unrealistic intentions do not constitute fraud under § 523(a)(2). *In re Eashai*, 167 B.R. 181, 185 (B.A.P. 9th Cir. 1994).

The Amended Complaint more generally alleges that Debtor promised to look for supplemental work or a higher-paying job and to decrease his living expenses to enable him to repay the money. It is not clear when these representations were made or how they related to the various loans. The June 11 Opinion advised Tomey that if he were to amend his complaint, he would need to "specifically allege what misrepresentations were made as to each loan and the time frame in which these representations were made" in order to satisfy the heightened pleading

7

requirements. *In re Dizinno*, 532 B.R. 231, 238 (Bankr. M.D. Pa. 2015). However, the Amended Complaint's allegations remain too vague and generalized to satisfy the requirements of Fed.R.Civ.P. 9(b).

As the Court also discussed in the June 11 Opinion, a creditor alleging fraud under §523(a)(2) must show that the debtor made a false representation that he knew was false for the purpose of deceiving the creditor, and that the creditor was was justified in relying on the representation. *Id,* 523 B.R. at 238. Accordingly, the Amended Complaint should have described "how statements made by Debtor induced him to make the loans." *Id.* In an apparent effort to follow the Court's instructions, Tomey included the following statement in the "Argument" section of his Amended Complaint.

> [Debtor] was told by [Tomey] that he needed the loan funds [to be] repaid as soon as possible as he was not working, so [Debtor's] promises of doing whatever it took to repay these loans and working to correct his financial situation, which led to a need of the loans, was what [Tomey] used to feel that [Debtor] intended to repay the loans as promised. . . .

(Amended Complaint, p. 8-9, ¶ e.3.)[2]

As with the original Complaint's allegations, this allegation does not describe "reliance" as defined by the Supreme Court in *Field v. Mans,* 516 U.S. 59, 68 (1995). It does not describe any misrepresentations of existing fact on which Tomey relied to make the loans (e.g. if Debtor had represented falsely that he was due to receive a large inheritance). Rather, the allegation is a conclusory statement which would be summarized as "Tomey relied on Debtor's promises because they were promises and Debtor made them with the knowledge that Tomey could not afford to lose the money." Such an allegation does not meet the pleading standards for fraud.

---

[2]There are two paragraphs "e.)" on page 8. The quoted passage is from the second one.

8

Case 1:15-ap-00012-RNO    Doc 35    Filed 07/31/15    Entered 07/31/15 15:18:31    Desc
Main Document    Page 8 of 12

Given that the Amended Complaint fails to sufficiently plead the elements of fraud and reliance necessary to a case for nondischargeability under § 523(a)(2)(A),[3] it must be dismissed.

        *C.      The Amended Complaint does not make out a plausible case for denying a discharge to Debtor under 11 U.S.C. § 727(a)(4) or (5)[4]*

To deny a debtor's discharge because he made a false oath or account under §727(a)(4), a court must find that: (1) the debtor made a statement while under oath, (2) the statement was false, (3) the statement related materially to the bankruptcy case, (4) the debtor knew the statement was false, and (5) the debtor made the statement with fraudulent intent. *In re Olson*, 916 F.2d 481, 484 (8th Cir. 1990); *In re Sowers*, 229 B.R. 151, 158 (Bankr. N.D. Ohio 1998). Statements and information included in a debtor's schedules constitute statements while under oath for purposes of §727(a)(4). *See In re Katsman*, 771 F.3d 1048, 1050 (7th Cir. 2014); *In re Thomsen*, 172 F.3d 877 (Table) (9th Cir. 1999); *In re Zahoruiko*, 518 B.R. 160, 164-65 (D. Mass. 2015).

In the case before me, Tomey alleges that Debtor made false statements in his schedule of personal property by omitting assets such as stereo equipment and a record collection.[5]

---

[3]The Amended Complaint also refers to §523(a)(2)(B), which renders nondischargeable debts based on written statements regarding a debtor's financial condition. Although the Amended Complaint includes a writing signed by Debtor, that document is not about his financial condition, it is simply his acknowledgment of the debt. Accordingly, §523(a)(2)(B) is not applicable in this case.

[4]Per the June 11 Opinion, Tomey's case for denial of discharge under §727(a)(3) was dismissed with prejudice to refiling. Accordingly, the Court need not address that matter again.

[5]The Amended Complaint also makes reference to a pre-petition transaction in which Debtor sold a pickup truck for less than its market value. The date of this transaction is not specified. The Amended Complaint does not contain a Count citing 11 U.S.C. §548 or state fraudulent transfer laws to seek avoidance of the sale. Accordingly, the sale of the pickup truck is not relevant to the issues before me.

9

Case 1:15-ap-00012-RNO   Doc 35   Filed 07/31/15   Entered 07/31/15 15:18:31   Desc
Main Document    Page 9 of 12

Tomey does not provide an estimate of value for the record collection, and he does not identify any specific piece of stereo equipment. Without this information, the Amended Complaint does not state a plausible case for denying a discharge under § 727(a)(4), because it leaves open the question of whether the record collection might be of a value that would be within Debtor's exemption limits, thus allowing the collection to pass through the bankruptcy estate. Similarly, without identifying any particular piece of stereo equipment, the Amended Complaint makes a bald allegation without sufficient supporting information to make out a plausible case. Therefore, the Amended Complaint must be dismissed as to its allegations under §727(a)(4).[6]

Under § 727(a)(5), "[t]he court shall grant the debtor a discharge, unless. . . (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." *In re Kilroy* 354 B.R. 476, 498 (Bankr. S.D. Tex. 2006). To establish a case under § 727(a)(5), the creditor

---

[6]The Amended Complaint also makes reference to representations Debtor made at his meeting of creditors about whether he had attempted to obtain additional or more remunerative employment, whether he had decreased his living expenses, and whether he had sold valuable assets or failed to disclose them on his schedules. While Debtor's statements at the meeting were made under oath, Tomey's allegations that the statements were somehow false are too vague and attenuated to survive the Motion to Dismiss, or to require discussion herein.

Tomey himself appears to recognize that his allegations are insufficient to support his case, given that the Amended Complaint includes a request that the Court order the trustee, under 11 U.S.C. § 727(c)(2), to investigate Debtor's actions to determine if grounds exist for denial of discharge. Such Orders are rarely entered, and the Court declines to do so in this case. The Court is satisfied that the efforts made by the Trustee in the ordinary course of his duties in this case were sufficient. *See In re Cavin*, No. 12-60927-MHM, 2012 WL 6090282, *2 (Bankr. N.D. Ga. November 20, 2012) (ordering trustee to investigate case for potential denial of discharge is purely discretionary); *In re Portaluppi*, No. 3:13-cv-421(MPS); 2014 WL 2559403, *8 (D. Conn. June 6, 2014) (bankruptcy court denies §727(c)(2) motion, satisfied that Trustee's routine investigation was sufficient); *In re Sebosky*, 182 B.R. 912 (Bankr. M.D. Fl. 1995) (if a Trustee is not performing his duties, party in interest may ask the Court to order him to do so under §727(c)(2)).

"must prove which assets are 'missing.' " *Id.* (citations omitted). Once the creditor establishes a case, "the burden then shifts to the debtors to provide a satisfactory explanation for that loss." *Id.* (citations omitted).

According to the Amended Complaint, Debtor earned extra income by repairing and selling stereo equipment and appliances and by reassembling and selling bicycles from component parts of other bicycles. The Amended Complaint does not specify whether Debtor sold some or all of these assets in pre-petition, potentially fraudulent transfers, or whether he was in possession of them on the date of the petition but did not disclose them. In short, Tomey's allegations are solely based on his suspicions, and his Amended Complaint amounts to the kind of "fishing expedition" that motions to dismiss under Fed. R. Civ. P. 9 and 12(b)(6) were intended to ferret out. See *Hodczak v. Latrobe Specialty Steel Co.*, Civil Action No. 08-649, 2009 WL 911311, *9 (W.D. Pa., March 31, 2009) (dismissing class action complaint where discovery would merely "serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded."); *Gutierrez v. Givens*, 989 F.Supp. 1033, 1044 (S.D. Cal. 1997) (pleading requirements of Fed. R. Civ. P. 9 were "designed to thwart baseless complaints and fishing expeditions . . . ."). For these reasons, the Amended Complaint must be dismissed as to its case for denial of discharge under §727(a)(5).

## IV. Conclusion

Tomey's attempt as a *pro se* plaintiff to plead a complicated legal case based on a short supply of factual allegations must fail under the Rules of Bankruptcy Procedure. It is understandable that Tomey might feel that he was betrayed by a longtime friend, and that this wrong is something that should be made right through the legal system. However, the very real

injury inflicted by his former friend is not in the category of debts that Congress has seen fit to except from a discharge. Accordingly, the Amended Complaint will be dismissed with prejudice.

By the Court,

Date: July 31, 2015

*Mary D France*
Chief Bankruptcy Judge
(JK)