IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| PAUL W. DIZINNO, | * | |
|     Debtor | * | Case No. 1:14-bk-05291-MDF |
| | * | |
| MARK STEVEN TOMEY, SR., | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No: 1:15-ap-00012-MDF |
| | * | |
| PAUL W. DIZINNO, | * | |
|     Defendant | * | |
| | * | |

## OPINION

Mark Steven Tomey ("Tomey") requests the Court to reconsider the order dismissing the adversary action he brought against Paul W. Dizinno ("Debtor"). For the reasons set forth below, the motion will be denied.[1]

## I. Procedural History

The Procedural History set forth in the Court's June 11, 2015 Opinion and in the July 31, 2015 Opinion are incorporated as if fully set forth herein.

On August 17, 2015, Tomey filed a "Motion for Reconsideration Dismissal of Creditor's Amended Bankruptcy Advisarial [sic] Complaint" (hereinafter "Motion for Reconsideration") in the within case. The Court had dismissed his Amended Complaint on July 31, 2015 because it failed to sufficiently plead the elements of fraud required to support a claim for excepting a debt from discharge under 11 U.S.C § 523(a)(2)(A). Further, the Court found that Tomey failed to plead the necessary elements to support his claim that Debtor's discharge should be denied under

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(a)(2)(A), (B), (C) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

11 U.S.C. § 727(a)(4)(A) and (5). On August 21, 2015, Debtor moved to dismiss the Motion to Reconsider under Local Bankruptcy Rule 9023-1.

## II. Factual Allegations

The factual background set forth in the Court's June 11, 2015 Opinion and in the July 31, 2015 Opinion are incorporated as if fully set forth herein.

In summary, Tomey's Motion for Reconsideration asserts that the order dismissing the Amended Complaint should be reconsidered for the following reasons: (1) the Court did not consider both the alleged fraud committed in connection with the loans and the "potential" fraudulent information in Debtor's bankruptcy filings; (2) Tomey, as a *pro se* litigant, was held to an unreasonably high standard in connection with pleading his case; and (3) Debtor, through counsel, "bombarded him with voluminous filings in an attempt to breach creditor's legal right of challenge."

## III. Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may grant relief to a party from a final judgment for the following reasons: mistake, newly discovered evidence, fraud, misrepresentation, misconduct by the opposing party,[2] and any other reason that justifies relief. Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(b)). The first two bases for Tomey's motion do not fall within the parameters of Rule 60(b)(1)-(5). Therefore, they must be considered under Rule 60(b)(6), which allows a court to reconsider a judgment or order "for any other reason [other than the five specifically listed] that justify relief." Fed. R. Civ. P. 60(b)(6).

---

[2]In the context of this motion, "fraud, misrepresentation and misconduct by the opposing party" refers to actions taken in relation to the Court's decision in this adversary proceeding, not to the fraud or misrepresentation Tomey alleges was committed by Debtor before the bankruptcy petition was filed.

This "catch-all" provision provides extraordinary relief that is only available in exceptional circumstances. *Coltec. Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

    A.    *The Court considered whether Tomey had adequately pleaded both alleged instances of fraud.*

Tomey outlines two instances of fraud in his Motion for Reconsideration: "fraud committed during [the] inception of the loan" and "fraud committed by Debtor….in information he had presented as facts during the bankruptcy process." Tomey asserts that the Court failed to consider each instance separately and, by not doing so, "did not respond properly." To the contrary, the Court considered both the alleged fraud before Tomey made the loan to Debtor and the allegations surrounding the assets and transfers that Tomey asserts were not disclosed fully in the schedules.

In the first instance — fraud allegedly committed during the inception of the loan — I held that Tomey failed to offer anything other than bald assertions that because Debtor never sold assets, obtained credit counseling, or took on additional work to pay the loan, he never intended to repay the loan in the first place. Tomey has alleged no facts to support his assertion that at the time the series of loans were made, Debtor did not intend to repay them.

As to Tomey's allegations about Debtor's assets and prepetition transfers, the Court will endeavor to provide further explanation as to why the Amended Complaint seeking denial of the discharge under 11 U.S.C. § 727(a)(4)(A) and (5) was dismissed. These subsections provide for denial of a discharge if a Debtor has made a false oath or account or has failed to explain the loss of assets. In the Motion for Reconsideration, Tomey asserts that there was "potential fraud committed" by Debtor that the Court did not permit the Chapter 7 trustee to investigate. He further alleges that if this investigation had been allowed to proceed, the required facts would

3

have emerged. This simply is not the case. The Court did not "prevent" the Chapter 7 trustee from conducting an investigation, but neither did the Court direct the trustee to investigate Debtor. This is not the Court's role. It is within the discretion of the case trustee in consultation with the United States Trustee. But whether or not the Chapter 7 trustee determined it was appropriate to investigate Debtor after the creditors' meeting, Tomey had the opportunity to conduct his own examination under Fed. R. Bankr. P. 2004, which he did not pursue. As a consequence, Tomey was unable to formulate a pleading with sufficient facts alleged to survive a motion to dismiss. Therefore, the Court finds that as to the allegations of fraud, Tomey has provided no basis upon which to reconsider the decision to dismiss the Amended Complaint.

> B. *The Motion for Reconsideration fails to provide evidence that the Court failed to adequately consider Tomey's pro se status.*

The pleadings of a *pro se* litigant are held to a less stringent standard than pleadings drafted by counsel. *Gibbs v. Roman,* 116 F.3d 83, 86 n.6 (3d Cir. 1997). Aware of this guidance from the Court of Appeals, Tomey's *pro se* status was considered by the Court when the sufficiency of the Complaint was considered. In the first instance, the pleading filed by Tomey was described as a "motion." Considering Tomey was filing *pro se*, rather than dismiss the "motion" outright, the Court held that the motion would be considered as having commenced an adversary proceeding and would be treated as if it were a complaint. After finding the allegations in the "complaint" to be inadequate, the Court dismissed the pleading with leave to file an amended complaint. The Court further explained in the Opinion dismissing the original complaint why the right to a jury trial did not attach and why Tomey's claim needed to be set forth in numbered paragraphs so that Debtor could formulate an adequate response. The Court further explained the pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

4

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and specifically stated that any amended complaint must set forth a plausible claim for relief in well-pleaded factual allegations. Therefore, the Court does not conclude that Tomey's failure to meet rudimentary pleading standards is attributable to the Court setting too high a bar for a *pro se* litigant.

    C.    *The Motion for Reconsideration fails to support Tomey's claim that Debtor's counsel engaged in misconduct.*

Tomey also argues that Debtor's counsel "bombarded him with voluminous filings in an attempt to breach creditor's legal right of challenge." Said another way, Tomey alleges that Debtor's counsel engaged in misconduct by moving to dismiss the original motion filed as a complaint, the Amended Complaint, and, now, the Motion for Reconsideration. The pleadings filed by Debtor's counsel are typical for an adversary proceeding and there is no evidence that they were filed to harass Tomey. Therefore, Tomey has failed to establish a basis for a finding of misconduct by Debtor's counsel that would support reconsideration of the dismissal of the adversary proceeding.[3]

## V. Conclusion

In the decision to dismiss Tomey's Amended Complaint, the Court considered both the fraud alleged to be present when Tomey was induced to make the loans to Debtor and the fraud alleged in connection with the filing of Debtor's schedules. Further, the Court did not hold Tomey to an unreasonably high pleading standard, and Debtor's counsel did not file pleadings to

---

[3] Debtor has filed a request for attorneys' fees and costs invoking 11 U.S.C. § 523(d), which permits a court to award fees and costs "if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust." No hearing has been held on this issue and no decision as to whether to award fees and costs has been made by the Court.

harass Tomey, but did so to protect his client. For these reasons, the Motion for Reconsideration will be denied, and judgment will be entered for Debtor and against Tomey.

By the Court,

_____
Mary D. France
Chief Bankruptcy Judge

Date: September 23, 2015