IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 |
| PAUL W. DIZINNO, | * | |
|     Debtor | * | Case No. 1:14-bk-05291-MDF |
| | * | |
| MARK STEVEN TOMEY, SR., | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adv. No: 1:15-ap-00012-MDF |
| | * | |
| PAUL W. DIZINNO, | * | |
|     Defendant | * | |

## OPINION

On November 13, 2015, Mark Steven Tomey, Sr. ("Tomey") filed "Creditor's Motion for Unbiased Judge," which I interpret as a demand for recusal. After having reviewed the reasons advanced by Tomey for why another judge should hear further matters in this case, I have determined that my recusal is not warranted, and the motion will be denied.

### I. Procedural History

On January 22, 2015, Tomey, an unrepresented, unsecured creditor, filed a motion requesting the Court to "preclude the debt owed him by Paul Dizinno ("Debtor"), or squash [sic] his request for bankruptcy relief." The claim for relief was based on Debtor's failure to repay a loan or series of loans totaling $4400. Tomey requested that the debt either be excepted from discharge under 11 U.S.C. § 523(a)(2), or that Debtor's discharge be denied under 11 U.S.C. § 727(a)(3), (4), or (5). Because both a request to except a debt from discharge and a request to deny a debtor a discharge must be commenced by the filing of a complaint, I treated Tomey's motion as a complaint and directed him to pay the adversary proceeding filing fee on or before January 29, 2015. When the fee was not paid by the deadline, the complaint was dismissed.

Thereafter, Tomey requested reinstatement of the complaint and paid the filing fee. Having cured the deficiency, the adversary proceeding was reinstated.

After being served with the complaint, Debtor's counsel, Brent Diefenderfer ("Diefenderfer"),[1] filed a motion to dismiss the complaint and a separate motion for counsel fees under 11 U.S.C. § 523(d) (" §523 (d) Motion") asserting that the complaint was not "substantially justified."[2] Thereafter, Tomey filed a response to both motions in a single pleading. He also filed a separate pleading requesting the Court to order "opposing counsel to cease and desist harassment and attempts to illegally coerce Plaintiff to end case in violation of due process."

On June 11, 2015, I entered an order dismissing the complaint, but granted Tomey thirty days to file an amended complaint as to the exception from discharge count under § 523(a)(2) and the request to deny Debtor's discharge under 11 U.S.C. § 727(a)(4) or (5). I dismissed the request to deny Debtor's discharge under § 727(a)(3), and his request for a jury trial.

Tomey filed an amended complaint on June 24, 2015 on the three remaining counts. Debtor renewed his motion to dismiss, which was granted on July 31, 2015 upon a finding that

---

[1]Typically, I would not refer to an attorney by name as counsel is acting in a representative capacity for his client and not on his or her own behalf. In this case, however, Tomey not only has made allegations and demanded relief against Debtor, he also has requested that I impose sanctions on Diefenderfer.

[2]11 U.S.C. § 523(d) provides that:
[i]f a creditor requests a determination of dischargeability of a consumer debt under subsections (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

2

Tomey had failed to state a claim upon which relief could be granted under 11 U.S.C. §§ 523(a)(2), 727(a)(4) or 727(a)(5).

Thereafter, Debtor filed a motion to reopen the adversary proceeding to pursue the § 523(d) Motion. After the case was reopened, Tomey filed a motion to reconsider the order dismissing his complaint and a response to the § 523(d) Motion. Before these matters were heard, Tomey filed a "Cross Complaint/Counter Claim" against Diefenderfer seeking damages from him personally, including payment of $6000 to satisfy Tomey's claim against Debtor, $2.5 million in punitive damages "to punish the actions of debtor attorney" (Cross Complaint/Counter Claim p. 6, ¶ 2) and $2.5 million in "exemplary damages to make an example of debtor attorney to halt such actions from him and other attorneys who might attempt to deny other *pro se* litigants their civil rights to due process afforded them under the [C]onstitution free of any intimidation and threats of financial harm for simply exercising their rights to protect their property interests." (Cross Complaint/Counter Claim p. 6, ¶ 3.) On September 23, 2015 I denied the motion for reconsideration.

In the meantime, on September 14, 2015, Tomey filed a notice that he was appealing the July 31, 2015 Order dismissing the complaint. Although an order dismissing the adversary proceeding had been entered, and he had filed an appeal of the order, on September 21, 2015, Tomey filed a document entitled "Creditor's Challenge of This Courts [sic] Right to Jurisdiction/Venue and Reissue of Demand to Have This Case Moved to District Court with a Jury Trial."[3]

---

[3] I have not acted upon this "challenge," which is, in substance. a request to withdraw the reference in the case after I dismissed the complaint and while the judgment is on appeal to the District Court.

3

Case 1:15-ap-00012-RNO    Doc 81    Filed 11/24/15    Entered 11/24/15 15:36:51    Desc
Main Document    Page 3 of 8

Tomey having responded to the motion of Debtor's counsel for attorney's fees, a hearing was scheduled for October 6, 2015 at which time the parties appeared. At that time, I informed the parties that I would not rule on the request for counsel fees until the appeal before the District Court was resolved.

Recently, Tomey filed a motion demanding that Diefenderfer be disciplined for actions described in numerous pleadings as "harassment." Tomey's most recent motion was filed in response to Diefenderfer's demand that Tomey withdraw the "Cross Complaint/CounterClaim," which reasserts claims previously dismissed by the Court. In response to the myriad of pleadings filed by Tomey that reassert matters previously decided, Dieffenderfer filed a motion seeking sanctions under Rule 11 alleging that Tomey has filed pleadings for an improper purpose and has attempted to relitigate previously decided matters. The objection date on the sanctions motion is December 7, 2015, and a hearing is schedule for December 15. Tomey has not yet responded to the motion.

## II. Discussion

Tomey's motion demanding my recusal is thirteen pages in length. Most of the pleading is dedicated to reasserting Tomey's underlying claim against Debtor, which is irrelevant to the motion currently before me. The gravamen of Tomey's recusal demand is that I failed to protect Tomey's interests as a pro se litigant, that I dismissed the complaint on Debtor's motion rather than permitting the matter to proceed to trial, and that I failed to discipline Diefenderfer for alleged acts of harassment. When all of these factors are considered, Tomey asserts, it demonstrates that I am biased against him and should disqualify myself from the adversary proceeding.

4

The standard that governs the disqualification of a bankruptcy judge is found in 28 U.S.C. § 455 as provided in Fed. R. Bank. P. 5004(a) (stating that "[a]bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.") Section 455(a) requires a judge to disqualify himself if "his impartiality might reasonably be questioned." 11 U.S.C. § 455(a). Among other reasons not relevant here, a judge also should disqualify himself if he has "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 11 U.S.C. § 455(b)(1). "[I]f a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (quoting *Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litg. Agent Actions)*, 148 F.3d 283, 343 (3d Cir. 2003). Whether a judge has demonstrated prejudice or bias such that it would be impossible for him to make a fair judgment is assessed under an objective standard. *U.S. v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007) (citing *Litekey v. U.S.*, 510 U.S. 540, 555-56 (1994). In addition to considering whether he can make fair judgment, a judge must consider whether a motion to recuse is a subterfuge to avoid possible adverse future rulings. *Conklin v. Warrington Twp.*, 476 F. Supp.2d 458, 463 (M.D. Pa. 2007).

Tomey takes issue with my determination that he failed to state a claim upon which relief could be granted before giving him the opportunity to present testimony at trial. While he is entitled to disagree with this ruling and to appeal the decision, disagreement with a judicial decision almost never forms the basis for a finding of bias or partiality. *Litekey*, 510 U.S. at 555.

"[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. quoted in *Selkridge*, 360 F.3d at 167. Although he has alleged that my rulings have made Diefenderfer "overconfident," Tomey has alleged no facts to support an allegation that I have displayed a deep-seated favoritism toward Debtor or antagonism toward him. To the contrary I accepted for filing his motion as a complaint, I reinstated his complaint after he paid the filing fee, and I permitted him to file an amended complaint. In the Opinion issued in support of the order dismissing the complaint with leave to amend, I explained what allegations must be made when fraud is pleaded to survive a motion to dismiss. Even with this assistance, the amended complaint was deficient.

Tomey also asserts that I should recuse because I have failed to protect his interests as a pro se litigant. While this assertion is not a basis for recusal, it also demonstrates a misunderstanding of a judge's role when one of the parties is unrepresented. What Tomey has failed to grasp is that even though a pro se litigant is held to less stringent pleading standard than an attorney, he must still plead the essential elements of a claim and is not excused from following the Rules of Civil Procedure. *McNeil v. U.S.,* 508 U.S. 106, 113 (1993). But even if Tomey is correct, and I failed to provide him with appropriate latitude to present his case, this error may be remedied on appeal. This possible mistake on my part, however, does not provide a basis for my recusal from this proceeding.

Finally, Tomey asserts that I should be disqualified from hearing further matters in this case because I have failed to impose discipline on Diefenderfer for allegedly harassing and

6

intimidating him. Specifically, Tomey alleges Diefenderfer harassed him by attempting "to coerce [Tomey] out of exercising his legal rights to challenge discharge of his loan to debtor due to fraud. . . ." The acts which support Tomey's allegations relate to Diefenderfer's actions on behalf of Debtor, primarily demands that pleadings be withdrawn that Diefenderfer believed were sanctionable under Fed. R. Civ. P. 11 as well as Diefenderfer's request for an award of attorney's fees under 11 U.S.C. § 523(d).[4]

Rule 11 includes a provision referred to as a "safe harbor." Fed. R. Civ. P. 11(c)(1)(A); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.,* 103 F.3d 294, 298 n. 3 (3d Cir. 1996). Under the safe harbor provision, a motion for sanctions must be made separately from other motions, and must not be filed with the court until 21 days after it has been served on the opposing party. Fed. R. Civ. P. 11(c)(1)(A). The 21-day period allows the opposing party either to withdraw the pleading or to correct its contents. *Id.; see also Zuk*, 103 F.3d at 298 n. 3. A court may consider a pro se litigant's lack of a legal education and allow some latitude in the preparation of pleadings, but an unrepresented party is not excused from complying with Rule 11, nor is he immune from sanctions under the rule.

Before Diefenderfer could move for sanctions against Tomey, he was required to give him an opportunity to either withdraw his pleading or correct it. Tomey has equated these procedural requirements with acts of intimidation. These actions alone do not constitute harassment or intimidation and do not justify attorney discipline. Therefore, the facts Tomey has alleged in support of his assertion that I have failed to discipline Diefenderfer are without merit and do not support his demand that I recuse myself from this proceeding.

---

[4] I have not ruled on the Rule 11 sanctions motion.

Case 1:15-ap-00012-RNO    Doc 81    Filed 11/24/15    Entered 11/24/15 15:36:51    Desc
Main Document    Page 7 of 8

### III. Conclusion

For the reasons set forth above, Tomey has not made the showing necessary to establish a basis for disqualification under 28 U.S.C. § 455. There for the "Motion for an Unbiased Judge" will be denied.

By the Court,

_____
Mary D. France
Chief Bankruptcy Judge

Date: November 24, 2015