IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| PAUL W. DIZINNO, | * | Chapter 7 |
|     Debtor | * | |
| | * | Case No. 1:14-bk-05291MDF |
| MARK STEVEN TOMEY, SR. | * | |
|     Plaintiff | * | Adv. No. 1:15-ap-00012MDF |
| | * | |
| v. | * | |
| | * | |
| PAUL W. DIZINNO, | * | |
|     Defendant | * | |

**OPINION**

On October 14, 2016, I issued an Opinion and Order denying the request of Paul W. Dizinno ("Debtor") to make Mark Steven Tomey, Sr. ("Tomey") responsible for the payment of Debtor's counsel fees under 11 U.S.C. § 523(d). I did, however, impose monetary and other sanctions against Tomey under Rule 11. Debtor filed a timely motion requesting that I reconsider the denial of fees under §523(d). For the reasons set forth below, the motion for reconsideration will be denied.

Debtor correctly observes that I cancelled a hearing that had been scheduled in this matter and rendered a decision without taking further testimony or affording the parties an opportunity to brief the issue. Debtor asserts that if he had known that the hearing would not be held, he would have submitted certain exhibits and a brief. The evidence that he would have introduced would have included time records supporting a fee award of $25,000 and testimony by Tomey as on cross regarding his financial condition and pro se status. After the hearing was scheduled, I reviewed the pleadings and prior testimony in this case and legal authorities on the standard for awarding fees under 11 U.S.C. § 523(d). My review convinced me that I did not to convene another hearing to decide the matter.

A motion for reconsideration is not explicitly provided for in the Federal Rules of Bankruptcy Procedure ("Fed. R. Bank. P."), but if filed within fourteen days of the entry of a judgment, it may be treated as a motion to alter or amend under Fed. R. Bankr. P. 9023, which incorporates Federal Rule of Civil Procedure (" Fed. R. Civ. P.") 59(e). A motion for reconsideration may be filed to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Cafe v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Three situations supply grounds for reconsideration of an order under Rule 59(e): (1) intervening change in the controlling law; (2) new evidence not previously discoverable; or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.* 52 F.3d 1194, 1218 (3d Cir. 1985)). Although not couched in the language of the rule, Debtor asserts that I failed to provide him with an opportunity to present his case in support of the fee award.[1] In particular, he objects to my finding that Tomey's undisputed status as a pro se litigant should be considered as a "special circumstance" that would make the award of fees unjust. Debtor posits that if a hearing had been held, he would have established that Tomey's pro se appearance was a ploy used to shield himself from liability and that he may have been able to obtain pro bono assistance in prosecuting his case.[2]

---

[1] A separate evidentiary hearing on a fee award under § 523(d) is not required. *See Bridgewater C. U. v. McCarthy (In re McCarthy)*, 243 B.R. 203, 209 (1st Cir. B.A.P. 2000). A "bankruptcy court may, in most circumstances, reach its § 523(d) fee award determination without the necessity of an evidentiary hearing," as "[a] fees contest should not spawn a second lawsuit." *Id.* at 210 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)) *cited in Discover Bank v. Warren (In re Warren)*, 507 B.R. 862; 882-83 (Bankr. D.S.C. 2013).

[2] I find it curious that Debtor would suggest that a member of the York County Bar would have been willing to pursue a cause of action that I later determined was not substantially justified.

"A debtor, creditor, . . . or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, . . ." 28 U.S.C. § 1654. A party has a right to appear pro se. Thus, I could not have compelled Tomey to obtain counsel to represent his interests. It is clear from his pleadings that Tomey has a deep-seated distrust of lawyers and the judicial system. Therefore, it is unlikely that he would have been willing to engage an attorney to represent him in Debtor's case, although he had been encouraged to do so by Debtor's counsel. This is not to suggest that a pro se litigant cannot be held accountable for his actions simply because he is appearing pro se. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*, 422 U.S. 806, 835 n. 46 (1975). It is not always clear, however, where the balance between these two principles should be struck. A request for fees under § 523(d) is a blunt instrument, and it is intended to be a deterrent. As a pro se creditor, it is unlikely that Tomey will have an opportunity to assert a § 523(a)(2) claim in the future. In this case, I thought it appropriate to sanction Tomey for his frivolous pleadings, but I did not find that the deterrent function of § 523(d) would be served by making him responsible for all attorney's fees incurred by Debtor.

As I discussed in my opinion, § 523(d) draws heavily from the Equal Access to Justice Act ("EAJA"). In every case in which attorney's fees are levied against an unsuccessful plaintiff under the EAJA, the plaintiff is the United States government, an entity always represented by counsel. As I also noted in my October 16, 2016 Opinion, § 529(d) was enacted to remedy abuses by institutional lenders, who also are required to be represented by counsel. Debtor argues that I should apply the same burden on Tomey, a pro se litigant, as I would on a government attorney

3

or bank counsel. Considering that Tomey had appeared before me in the case on several occasions, obviously had no legal training, and under his own subjective thought processes believes he has been defrauded, I found it unjust to compensate Debtor for attorney's fees that were greatly in excess of the debt.

At several points in his motion for reconsideration, Debtor states that the only factor I considered was Tomey's pro se status. This representation is incorrect. I also considered that Tomey's complaint included "counts" under § 727 (a)(3), (4), and (5). Because of the garbled nature of Tomey's pleadings, which were written in a narrative form and filled with allegations unrelated to a cause of action under any of the statutory references, it was impossible to separate the strands of his arguments in order to allocate time spent relative to each count.

Debtor also asserts that I ignored Tomey's burden to introduce evidence of special circumstances that would make an award unjust. Debtor is correct that Tomey failed to affirmatively address this matter in response to the motion for fees under § 529(d). However, even a cursory review of his pleadings reveal that he is incapable of focusing on procedural issues. But it is undisputed that Tomey is appearing pro se as a non-institutional creditor and that he based his complaint in part on provisions of the Code other than § 523(a)(2). Debtor may dispute whether these are appropriate factors for me to consider, but it was not necessary for Tomey to highlight these facts for me to reach these findings.

Tomey filed three motions after the October 14, 2016 order was entered in this case dismissing the complaint. All three are frivolous as they primarily reallege the facts stated in the original complaint. Tomey has been barred from making future filings regarding these allegations so Debtor has been free to ignore these pleadings. While it may be appropriate to assess further

sanctions under Rule 11 for these filings, they are unrelated to the § 523(d) analysis.

In his motion for reconsideration Debtor overstates the breadth of my ruling. I did not find that attorney's fees may never be recovered under § 523(d) against a non-institutional pro se creditor. A more legally sophisticated pro se plaintiff may have been able to establish a prima facie case. My decision here was more narrowly tailored. After an objective analysis of the merits of Tomey's complaint, I determined that it was not substantially justified. However, I further found that an award of attorney's fees would be unjust considering Tomey's difficulty in framing a case as a pro se litigant and the presence of counts other than § 523(a)(2).

In this case, Tomey was unable to assert a cause of action for fraud, preferring instead to file voluminous but irrelevant pleadings filed with ad hominem attacks on Debtor's counsel and this Court. But while these garbled pleadings were difficult to decipher, I am convinced they were based upon a sincere frustration with Debtor's failure to repay the loan and a distorted impression of what constitutes fraud. If Tomey had been more skilled, he may have been able to plead a sufficient case to avoid dismissal before trial.

Accordingly, having decided not to award fee under § 523(d) based upon my findings of fact that were undisputed by the parties and my conclusions of law, I find that the exhibits and brief Debtor wished to submit were not necessary for me to render my decision. The motion for reconsideration will be denied, and an appropriate order will be entered.

By the Court,

Date: November 9, 2016

*Mary D. France*
Bankruptcy Judge

5

Case 1:15-ap-00012-RNO    Doc 117    Filed 11/09/16    Entered 11/09/16 16:21:30    Desc
Main Document    Page 5 of 5